Judge ERDMANN
delivered the opinion of the court.
Sergeant Charles J. Wolford entered a plea of not guilty to sending, receiving, reproducing and possessing child pornography in violation of the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2252A (2000), charged under clause 3 of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000). Wolford was convicted by a special court-martial comprised of members and was sentenced to be discharged from the Army with a bad-conduct discharge. The convening authority approved the sentence and the findings and sentence were affirmed by the United States Army Court of Criminal Appeals in an unpublished opinion. United States v. Wolford, No. ARMY 20001042 (A.Ct.Crim.App. Apr. 27, 2004).
A military judge is obligated to “assure that the accused receives a fair trial.” United States v. Graves, 1 M.J. 50, 53 (C.M.A. 1975). This obligation includes the duty to “provide appropriate legal guidelines to assist the jury in its deliberations____” United States v. McGee, 1 M.J. 193, 195 (C.M.A. 1975) (citation omitted). Failure to provide correct and complete instructions to the panel before deliberations begin may amount to a denial of due process. United States v. Jackson, 6 M.J. 116, 117 (C.M.A.1979).
We granted review in this case to determine whether the panel was provided with appropriate and constitutionally correct instructions concerning the definition of the term “child pornography.” We also considered whether the evidence was legally sufficient to support Wolford’s conviction on child pornography charges.[1] We find that the military judge’s instructions did not deprive Wolford of due process and a fair trial. We also find that images alone can constitute legally sufficient evidence as to whether an actual child was used to produce child pornography.

BACKGROUND

From August 1999 to May 2000, Wolford used a Microsoft Hotmail account to exchange child pornography with individuals he met through the Internet. One of his emails *420 was discovered by a woman who contacted the Harris County Sheriffs Office. The police, believing that there might be a federal offense involved, then contacted the U.S. Customs Service, which shares jurisdiction over CPPA investigations with the Federal Bureau of Investigation and the U.S. Postal Service. The Customs Service identified Wolford with the help of Microsoft and Wolford’s Internet service provider. Customs then turned the case over to the Army's Criminal Investigation Division (CID).
CID interviewed Wolford, and he admitted to receiving, viewing, sending and saving approximately 100 images of child pornography. Wolford later argued that his confession was coerced and his case went to trial on his plea of not guilty. At trial, various witnesses testified about how Wolford was identified, where the images were found on his computer and how old the girls in the pictures appeared to be based on their sexual maturity-

DISCUSSION

I. Standard of Review
Defense counsel did not object to the military judge’s instructions at the time of trial. Even so, “[tjhis [cjourt has determined that waiver must be established by ‘affirmative action of the accused’s counsel,’ and not by ‘a mere failure to object to erroneous instructions ----’” United States v. Smith, 50 M.J. 451, 455-56 (C.A.A.F.1999) (quoting United States v. Mundy, 2 C.M.A. 500, 502, 9 C.M.R. 130, 132 (1953)) (emphasis in original). Accordingly, we review Wolford’s instructional claims de novo. Id. at 455. If instructional error is found, because there are constitutional dimensions at play, Wolford’s claims “must be tested for prejudice under the standard of harmless beyond a reasonable doubt.” United States v. Kreutzer, 61 M.J. 293, 298 (C.A.A.F.2005). “The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is “whether, beyond a reasonable doubt, the error did not contribute to the defendant’s conviction or sentence.’ ” Id. (quoting United States v. Kaiser, 58 M.J. 146, 149 (C.A.A.F.2003)).
With respect to Wolford’s legal sufficiency claim, our test is “whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt.” United States v. Turner, 25 M.J. 324, 324 (C.M.A.1987) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
II. Military Judge’s Instructions
Article 51(c), UCMJ, 10 U.S.C. § 851(c) (2000), and Rule for Courts-Martial (R.C.M.) 920 require the military judge to instruct the members of the court prior to any deliberations on findings. The military judge’s instructions are considered a “vital stage” of any court-martial. United States v. Groce, 3 M.J. 369, 370 (C.M.A.1977). As we stated above, “[t]he trial judge’s obligation to provide appropriate legal guidelines to assist the jury in its deliberations [is] an essential ingredient of a fair trial.” McGee, 1 M.J. at 195; Graves, 1 M.J. at 53. The military judge’s instructions are intended to aid the members in the understanding of terms of art, to instruct the members on the elements of each offense and to explain any available defenses. Graves, 1 M.J. at 53; see also Groce, 3 M.J. at 370-71.
Wolford has made three arguments concerning the military judge’s instructions. He argued in his brief that the military judge erred by: (1) using the following introductory language of 18 U.S.C. § 2256(8) in the instructions — “any visual depiction, including ... [a] computer generated image”; and (2) using the “conveys the impression” language of § 2256(8)(D) in the affirmative defense instruction. At oral argument, Wolford made no reference to the introductory language argument and conceded that the affirmative defense instruction was not problematic in the defense’s eyes. He focused instead on the new argument that even though the military judge omitted the “conveys the impression” phase from the § 2256(8)(D) definition, the remaining language in the subsection is unconstitutional.
*421 The military judge gave the following instruction defining “child pornography”:
Child pornography means any visual depiction, including any photograph, film, video, picture or computer generated image or picture, whether made or produced by electronic, mechanical or other means of sexually explicit conduct where[:]
[(A)] the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct, or
[(B)] such visual depiction is of a minor engaging in sexually explicit conduct, or
[(C)] such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct, or
[(D)] such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct. The words child or minor mean any person under the age of 18 years.
At the time of this trial in 2000, the term “child pornography” was defined in 18 U.S.C. § 2256(8) (amended 2003) as:
any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
(B) such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct;
(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or
(D) such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.
In United States v. O’Connor, we noted that the Supreme Court in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 256, 258, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), “determined that certain portions of the 2256(8) definition are unconstitutional, specifically the ‘or appears to be’ language of 2256(8)(B), and the entirety of 2256(8)(D).” 58 M.J. 450, 452 (C.A.A.F.2003). We will address each of Wolford’s arguments in turn.
A. Introductory Language of 18 U.S.C. § 2256(8)
Wolford’s first argument is that the military judge’s use of the introductory language “any visual depiction, including ... [a] computer generated image,” from § 2256(8) was unconstitutional. The Supreme Court did not address this introductory language in Free Speech Coalition and instead focused on the language in 18 U.S.C. § 2256(8)(B) and (D). 535 U.S. at 241-42, 122 S.Ct. 1389.
In O’Connor, we noted that the language from § 2256(8) that was not considered by the Supreme Court “remains subject to criminal sanction.” 58 M.J. at 452 n. 2. Wolford complains that the reference to “computer generated image” is unconstitutional based on the Supreme Court’s treatment of § 2256(8)(B) and (D). However the Supreme Court left intact § 2256(8)(C) which prohibits computer morphing and therefore some types of “computer generated images” are not constitutionally protected. Thus, it was not error for the military judge to use the introductory language of § 2256(8) in his instructions.
B. Affirmative Defense Instruction
Wolford next argues that the military judge erred by using unconstitutional language in his affirmative defense instructions. During a session pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), the military judge consulted with defense counsel before instructing the members and specifically asked about the need for affirmative defense instructions. Defense counsel told the military judge that the defense did not see the need for any affirmative defense instructions. Despite this response from defense counsel, the military judge included an affirmative defense instruction based on 18
*422 U.S.C. § 2252A(c)[2] for the sending, receiving and reproducing specifications:
You are advised that the evidence has raised the issue of a defense in relation to this offense. One of the elements to this offense is that the accused’s act was wrongful, meaning without legal justification or excuse. The accused’s act is not wrongful, and the accused cannot be found guilty of this offense if the alleged child pornography was produced using an actual person or persons engaging in sexually explicit conduct; that each such person was an adult at the time that the material was produced; and that the accused did not advertise, promote, present, describe or distribute the material in such a manner as to convey the impression it was, or contained, a visual depiction of a minor engaging in sexually explicit conduct.
The prosecution’s burden of proof to establish the guilt of the accused not only applies to the elements of the offense, but also to the issue of the defense; therefore, in order to find the accused guilty, you must be convinced beyond a reasonable doubt that the defense does not exist.[3]
Emphasis added.
This affirmative defense instruction contains the language found in § 2256(8)(D) including the phrase “conveys the impression” which was found to be unconstitutional. In light of the Supreme Court’s ruling in Free Speech Coalition, this language is erroneous. We must decide, however, whether the error caused material prejudice to any of Wolford’s substantial rights or whether it was harmless beyond a reasonable doubt. Kreutzer, 61 M.J. at 298.
We have held that a military judge is “more than a mere referee.” Graves, 1 M.J. at 53. He is charged with deciding whether any defense is reasonably raised by the evidence. United States v. Barnes, 39 M.J. 230, 232-33 (C.M.A.1994). If there is “some evidenee” of a possible defense — it does not have to be compelling or convincing beyond a reasonable doubt — the military judge is duty bound to give an instruction even if the instruction was not requested by the parties. United States v. Jackson, 12 M.J. 163, 166-67 (C.M.A.1981) (citations omitted). “This [cjourt reviews a military judge’s decision to give an instruction ... de novo.” Smith, 50 M.J. at 455 (citing United States v. Maxwell, 45 M.J. 406, 424-25 (C.A.A.F.1996)).
The instruction in question provided a defense to Wolford only if the images in question were created using adult models who were made to look like children. At trial, a pediatrician, Lieutenant Colonel Reginald Moore, M.D., testified for the prosecution. Dr. Moore testified that fifty-five of the eighty-six images found on Wolford’s computer were of children under the age of eighteen. Defense counsel’s cross-examination of Dr. Moore was focused entirely on whether Dr. Moore had seen any of the pictures he reviewed in Wolford’s case in any previous case. Defense counsel did not ask any questions that raised the possibility that any of the images relied upon by the Government depicted an adult rather than a child. No such evidence or argument was introduced at any other time. Thus, there was no evidence in the record of a possible affirmative defense, and there is simply no danger that the members might have used this unnecessary, but erroneous, instruction.
The lack of any evidentiary basis combined with defense counsel’s assurance that no instruction was needed renders the military judge’s error harmless beyond a reasonable doubt. Cf. United States v. Sikorski, 21 C.M.A. 345, 351, 45 C.M.R. 119, 125 (1972) (effect of erroneous instruction need not be considered where instruction challenged by accused was specifically requested by him at trial).
*423 C. Constitutionality of 18 U.S.C. § 2256(8) (D) Language
Wolford’s third argument is that the military judge’s use of the language of § 2256(8) (D) in the instructions is unconstitutional even though he deleted the “conveys the impression” phrase. As noted earlier in this opinion, in O’Connor we stated that the Supreme Court in Free Speech Coalition had found “the ‘or appears to be’ language of § 2256(8)(B), and the entirety of § 2256(8)(D)” to be unconstitutional. 58 M.J. at 452. Based upon that language, Wolford argues that the mere deletion of the phrase “conveys the impression” from § 2256(8)(D) does not remedy the constitutional infirmity. However, upon a close reading of Free Speech Coalition, it is clear that the Supreme Court’s concern with § 2256(8)(D) centered on the “conveys the impression” language. Their discussion focused on the impact of this language and how it addressed how speech was presented, not on what was actually depicted. 535 U.S. at 257-59,122 S.Ct. 1389.
Since the issuance of O’Connor, we have adopted this narrower interpretation of the Supreme Court’s treatment of § 2256(8)(D). In both United States v. Cook, 60 M.J. 130 (C.A.A.F.2004) (summary disposition) and United States v. Lowrance, 60 M.J. 129 (C.A.A.F.2004) (summary disposition), this court affirmed guilty plea convictions under the CPPA where the military judge omitted the phrase “conveys the impression” from the language of § 2256(8)(D), but used the remaining language from the definition. Here the military judge’s instruction did not use “conveys the impression” language that was the focus of the Supreme Court’s finding of unconstitutionally. Accordingly, the military judge’s instruction on the definition of “child pornography” was not erroneous.
III. Legal Sufficiency
Wolford argues the evidence that the images were created using actual children was not legally sufficient. The Government takes the position that a factfinder has the prerogative to decide without expert testimony whether images of child pornography are actual or virtual.
We recently addressed this issue in United States v. Cendejas, 62 M.J. 334 (C.A.A.F. 2006). In Cendejas, we held that the finder of fact can make a determination that an actual child was used to produce the images in question based upon a review of the images alone. Id. at 338. The images introduced by the prosecution in Wolford’s case were sufficient to enable a reasonable factfinder to find guilt beyond a reasonable doubt. Turner, 25 M.J. at 324. Accordingly, the evidence was legally sufficient to support the members’ verdict that Wolford was guilty of sending, receiving, reproducing and possessing child pornography.

DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.

. We granted review of the following issues:
WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED IN SUMMARILY AFFIRMING APPELLANT’S CONVICTION UNDER THE CHILD PORNOGRAPHY [PREVENTION] ACT (CPPA) 18 U.S.C. § 2251 et seq. (2000) DESPITE THE PRESENTATION OF UNCONSTITUTIONALLY OVERBROAD INSTRUCTIONS TO THE PANEL THAT, WHEN COUPLED WITH THE EVIDENCE IN THE RECORD, PERMITTED THE PANEL TO CONVICT APPELLANT ON BOTH A CONSTITUTIONAL AND UNCONSTITUTIONAL BASIS.
WHETHER APPELLANT’S CONVICTION UNDER THE CPPA IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE WHERE NO EVIDENCE WAS INTRODUCED AT TRIAL THAT THE DEPICTIONS WERE, IN FACT, PRODUCED BY USING REAL CHILDREN AS REQUIRED BY UNITED STATES v. O’CONNOR, 58 M.J. 450 (C.A.A.F.2003).

. Section 2252A(c) was amended in 2003. The statute still provides an affirmative defense if only actual adults were used in the production of the images, § 2252A(c)(i)(A)(B) and § 2252A(C)(2), but all reference to the manner in which the images were advertised, described, presented, promoted or distributed has been removed from the statute.

. The military judge used this language in regard to the sending and receiving specification and referenced it in regard to the reproducing specification.