# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant NOEL G. AGUIAR-PEREZ**
**United States Army, Appellant**

ARMY 20140715

Headquarters, I Corps
Andrew J. Glass and Jeffery D. Lippert, Military Judges
Colonel Randall J. Bagwell, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Payum Doroodian, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Major Andres Vazquez, Jr., JA; Captain Michael A. Gold, JA (on supplemental brief); Major Andres Vazquez, Jr., JA; Captain Michael A. Gold, JA (on reply brief); Lieutenant Colonel Tiffany Chapman, JA; Lieutenant Colonel Christopher D. Carrier, JA; Major Julie L. Borchers, JA; Captain Zachary A. Szilagyi, (JA) (on brief following remand).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Vincent S. Scalfani, JA (on brief); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Vincent S. Scalfani, JA (on supplemental brief); Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Joshua B. Bannister, JA (on brief following remand).

28 November 2017

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REMAND
-----------------------------------------------------------------

FLEMING, Judge:

On this remand, we set aside the findings of guilty as to four specifications of abusive sexual contact in light of our superior court's decisions in *United States v. Hills,* 75 M.J. 350 (C.A.A.F. 2016) and *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017).

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of violating a lawful general order, seven specifications of cruelty and maltreatment, four specifications of abusive sexual contact, one specification of assault consummated by battery, and one specification of communicating a threat, in violation of Articles 92, 93, 120, 128, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 892, 893, 920, 928, 934 (2012) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for 350 days, and reduction to the grade of E-1.

On 31 October 2016, this court set aside and dismissed Specification 2 of Charge V and Charge V (communicating a threat) and affirmed the remaining findings of guilty and sentence. *United States v. Aguiar-Perez*, ARMY 20140715, 2016 CCA LEXIS 655 (Army Ct. Crim. App. 31 Oct. 2016) (summ. disp.).  On 3 March 2017, the Court of Appeals for the Armed Forces (CAAF) set aside and dismissed Specification 1 of Charge IV (assault consummated by battery), affirmed the remaining findings of guilty, and remanded the case to our court to reassess the appellant's sentence. *United States v. Aguiar-Perez,* 76 M.J. 165 (C.A.A.F. 2017) (unpub.).  On remand, concluding that the military judge would have imposed a sentence of at least that which was adjudged, we again affirmed the sentence. *United States v. Aguiar-Perez,* ARMY 20140715, 2017 CCA LEXIS 143 (Army Ct. Crim. App. 13 Mar. 2017).  On 27 July 2017, our superior court vacated its prior affirmance of the findings of guilty, set aside our prior decision on the remaining findings, and remanded the case to this court for a new review under Article 66, UCMJ, in light the CAAF's decision of *Hukill*. *United States v. Aguiar-Perez*, No. 17-0395/AR, 2017 CCA LEXIS 760 (27 Jul. 2017) (unpub).

## BACKGROUND

In Charge I, the government charged appellant with six Article 120, UCMJ, specifications involving three different soldiers.  Specifications 1 through 4 were abusive sexual contact offenses involving appellant touching three different soldiers' buttocks.  Specifications 5 and 6 were additional sexual assault offenses by appellant against one of the three soldiers.  Prior to trial, the government requested the military judge consider Specifications 1 through 4 of Charge I for propensity purposes under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413.  Notably, the government did not make this request for Specifications 5 and 6 of Charge I.  The defense objected to the government's request, thereby preserving the error.  The military judge initially denied the government's request.

After the defense rested its case-in-chief, the military judge announced he would allow the government to argue propensity under Mil. R. Evid. 413.  The military judge advised the parties that when he announced findings he would rule "which specific specifications [he was] considering or might consider

propensity on after [he heard] the argument and the rest of the evidence in the case." The parties remained unaware which specifications the military judge would consider for Mil R. Evid 413 purposes prior to their argument on findings.

After findings deliberation, the military judge announced he would consider Specifications 1 through 6 of Charge I for Mil. R. Evid. 413 propensity purposes for all specifications within Charge I. The military judge's ruling inexplicably expanded Mil. R. Evid. 413 consideration beyond the government's request to consider only Specifications 1 through 4 of Charge I.

While, the military judge ruled all six specifications were proven by a preponderance of evidence, he only convicted appellant of the four abusive sexual contact offenses and touching the three soldiers' buttocks.[*] The military judge acquitted appellant of the sexual assault offenses.

## LAW AND DISCUSSION

After appellant's court-martial, our superior court held it is constitutional error for a military judge to give an instruction to a panel that permits the use of one charged offense of sexual misconduct to be used as propensity evidence in assessing another charged offense of sexual misconduct under Mil R. Evid. 413. *Hills*, 75 M.J. at 352. Recently, in *Hukill*, the Court of Appeals for the Armed Forces explained the *Hills* reasoning also applies to trials by military judge alone. *Hukill*, 76 M.J. at 220. There, the military judge allowed the propensity evidence involving charged offenses to be used against each charged offense for which appellant was convicted and, therefore, created constitutional error. *Id*.

If instructional error is found when there are constitutional dimensions at play, this court tests for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence. *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005). An error is not harmless beyond a reasonable doubt when there is a reasonable possibility the error complained of might have contributed to the conviction. *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007); *United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015).

---

[*] All four abusive sexual contact offenses involved the buttocks. In one of the specifications, the military judge found appellant guilty of touching the buttocks and inner thigh of the victim.

Having reviewed the evidence, given that this is a case of preserved error, we are not convinced beyond a reasonable doubt that the Mil. R. Evid. 413 error did not contribute to the findings of guilty on Specifications 1 through 4 of Charge I. This case does not involve DNA evidence, injuries, videos or photographs corroborating appellant's misconduct. Here, the evidence is limited to witness testimony. The three soldiers' memories as to the offenses were not "clear and compelling" or even consistent with each other when the offenses overlapped. Further, the trial defense counsel raised several issues regarding the three soldiers' credibility, apparent friendships, and motives to fabricate. While witness testimony alone may convince a court beyond a reasonable doubt that a Mil. R. Evid. 413 propensity error is harmless, the witness testimony in *this* case does not. *See United States v. Thompson*, 2017 CCA LEXIS 7, *4 (Army Ct. Crim. App. 6 Jan. 2017) (affirming beyond a reasonable doubt that the Mil. R. Evid. 413 propensity instructional error was harmless because the testimony from the victims was "clear and compelling."). Thus, the findings for Specifications 1 through 4 of Charge I and Charge I and the sentence cannot stand. We grant relief in our decretal paragraph.

## CONCLUSION

The findings of guilty as to Specifications 1 through 4 of Charge I and Charge I are SET ASIDE. The remaining findings of guilty, being Charge II and its specifications and Specification 2 of Charge III, are AFFIRMED. The sentence is SET ASIDE. A rehearing is authorized on Specifications 1 through 4 of Charge I and the sentence. The case is returned to the same or a different convening authority.

Senior Judge CAMPANELLA and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4