# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist VINCENT P. DEGREGORI III**
**United States Army, Appellant**

ARMY 20150581

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Colonel Steven C. Henricks, Staff Judge Advocate

For Appellant:  Colonel Mary J. Bradley, JA; Captain Heather L. Tregle, JA; Captain Matthew L. Jalandoni, JA (on brief); Major Christopher D. Coleman, JA; Captain Matthew L. Jalandoni, JA (on reply brief); Lieutenant Colonel Tiffany M. Chapman, JA; Lieutenant Colonel Christopher D. Carrier, JA; Captain Timothy G. Burroughs, JA (on brief following remand); Lieutenant Colonel Christopher D. Carrier, JA; Captain Timothy G. Burroughs, JA (on reply brief following remand).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief); Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief following remand).

30 November 2017

---------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------

CAMPANELLA, Senior Judge:

The finding of guilty of Specification 2, The Charge is reversed in light of *United States v. Hills,* 75 M.J. 350 (C.A.A.F. 2016) and *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017); the sentence is set aside; and a rehearing is authorized.

A military judge sitting as a general court-martial convicted appellant, contrary to his plea, of one specification of sexual assault, in violation of Article 120 Uniform Code of Military Justice, 10 U.S.C. § 920 (2012).  The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for five years, and reduction to the grade of E-1.

On 10 January 2017, this court affirmed the findings and sentence in this case. *United States v. Degregori*, ARMY 20150581, 2017 CCA LEXIS 19 (Army Ct. Crim. App. 10 Jan. 2017) (sum. disp.). On 26 July 2017, the Court of Appeals for the Armed Forces (CAAF) set aside this court's decision and remanded the case for a new review under Article 66, UCMJ, in light of *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017). *United States v. Degregori*, 76 M.J. 439 (C.A.A.F. 2017).

## BACKGROUND

The government charged appellant with two Article 120, UCMJ, specifications involving two different soldiers, Private First Class (PFC) SN and PFC JE. The military judge convicted appellant of the specification involving PFC JE, which alleged sexual assault, but found appellant not guilty of the specification involving PFC SN, which alleged abusive sexual contact.

The government asked the military judge to consider, under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413, evidence that appellant committed abusive sexual contact on PFC SN as propensity evidence that he sexually assaulted PFC JE. The defense objected, but the military judge ruled in favor of the government. The military judge found PFC SN was credible and that the evidence of abusive sexual contact was strong. He also found the probative value very high because of the similarities between the two charged offenses.

While initially sketchy, PFC JE's recall of the evening enlarged over time. The government entered into evidence testimony of an exchange between appellant and an acquaintance on staff duty occurring after the incident wherein appellant stated he was concerned he would be accused of rape. The government also entered into evidence an exchange of text messages wherein appellant admitted having sex with PFC JE; appellant, however, did not indicate the sex was nonconsensual. Trial Counsel compared and contrasted the similarities between the incidents with PFC JE and PFC SN throughout his closing argument.

With regard to the specification of which appellant was found guilty, the defense raised consent as a defense and asserted PFC JE had a motive to lie. There was also evidence of public displays of affection between appellant and PFC JE.

Appellant now cites *Hukill* to assert the military judge abused his discretion by granting the government's motion to use charged offenses for Mil. R. Evid. 413 purposes.

## LAW AND DISCUSSION

After appellant's court-martial, our superior court held it is constitutional error for a military judge to give an instruction to a panel under Mil. R. Evid. 413

that permits evidence of charged sexual misconduct to be considered as propensity evidence when considering other charged sexual misconduct. *United States v. Hills,* 75 M.J. 350, 352 (C.A.A.F. 2016). Recently, in *Hukill*, the Court of Appeals for the Armed Forces explained the *Hills* reasoning also applies to trials by military judge alone. *Hukill*, 76 M.J. at 220. In that case, the military judge allowed the charged sexual offenses as propensity evidence used against each charged offense for which appellant was convicted. *Id.*

If instructional error is found when there are constitutional dimensions at play, this court tests for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence. *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005). An error is not harmless beyond a reasonable doubt when there is a reasonable possibility the error complained of might have contributed to the conviction. *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007); *United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015).

Having reviewed the evidence in light of the military judge's ruling, even if we believe the evidence factually sufficient to support appellant's finding of guilty to sexual assault of PFC JE, we are not convinced beyond a reasonable doubt that the Mil. R. Evid. 413 error did not contribute to that finding of guilty. Accordingly, Specification 2 of The Charge cannot stand. We grant relief in our decretal paragraph.

## CONCLUSION

The finding of guilty and sentence are SET ASIDE. A retrial is authorized. The case is returned to the same or a different convening authority.

Judge SALUSSOLIA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3