# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ERIC A. RAMOS-CRUZ**
**United States Army, Appellant**

ARMY 20150292

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Colonel Steven C. Henricks, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Jennifer K. Beerman, JA (on brief); Major Christopher D. Coleman, JA; Captain Cody Cheek, JA (on reply brief); Lieutenant Colonel Tiffany M. Chapman, JA; Lieutenant Colonel Christopher D. Carrier, JA; Captain Cody Cheek, JA (on brief following remand); Lieutenant Colonel Christopher D. Carrier, JA; Major Brendan R. Cronin, JA; Captain Cody Cheek, JA (on reply brief following remand).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Christopher A. Clausen, JA (on brief); Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Virginia H. Tinsley, JA; Captain Sandra L. Ahinga, JA (on brief following remand).

11 December 2017

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

FLEMING, Judge:

On this remand, we set aside the findings of guilty as to two specifications of abusive sexual contact and one specification of forcible sodomy in light of our superior court's decisions in *United States v. Hills,* 75 M.J. 350 (C.A.A.F. 2016), and *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017).

A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of six specifications of assault in violation of Article 128 Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 928 (2012).  The military judge convicted appellant, contrary to his pleas, of one specification of cruelty and maltreatment, three specifications of abusive sexual contact, one specification of

forcible sodomy, and one specification of assault consummated by battery, in violation of Articles 93, 120, 125, and, 128, UCMJ. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for twelve years, and reduction to the grade of E-1.

On 30 January 2017, this court summarily affirmed the findings of guilty and sentence. *United States v. Ramos-Cruz*, ARMY 20150292 (Army Ct. Crim. App. 30 Jan. 2017). On 27 July 2017, the Court of Appeals for the Armed Forces set aside our decision and remanded the case to this court for a new review under Article 66, UCMJ, in light of that court's decision in *Hukill*. *United States v. Ramos-Cruz*, 76 M.J. 442 (C.A.A.F. 2017).

## BACKGROUND

Prior to trial, the government requested the military judge use Military Rule of Evidence [Mil. R. Evid.] 413 propensity evidence of offenses involving three victims: Sergeant First Class (SFC) PB, Private First Class (PFC) AG, and Sergeant (SGT) DP. Appellant was charged with one specification of abusive sexual contact involving SFC PB (Specification 1 of Charge I); two specifications of abusive sexual contact and one specification of forcible sodomy involving PFC AG (Specification 2 of Charge I, the Specification of Additional Charge I, and Specification 1 of Charge II); and one specification of abusive sexual contact involving SGT DP (Specification 3 of Charge I).

Specifically, the government requested to use the evidence: (1) from the offense against SFC PB as propensity evidence for the offenses against PFC AG and SGT DP; (2) from the offenses against PFC AG as propensity evidence for the offenses against SFC PB and SGT DP; and (3) from the offense against SGT DP as propensity evidence for the offenses against SFC PB and PFC AG. The defense objected to the government's request, thereby preserving the error.

As to the specification involving SFC PB, the military judge ruled the evidence of that offense was not admissible for propensity purposes for the other victims and the evidence involving the other victims was not admissible for propensity purposes for SFC PB. The military judge's ruling isolated the offense against SFC PB from the offenses involving the other victims.

As to the offenses involving PFC AG, the military judge's ruling was ambiguous and appears to state that every separate offense against PFC AG could be used as propensity evidence for every other offense involving PFC AG. This court need not resolve this ambiguity because the government conceded in its brief that "evidence of the offenses involving [PFC] AG was admissible as propensity evidence for all other charged offenses except [for the offense involving SFC PB]."

As to the offense involving SGT DP, the military judge ruled that evidence was admissible for propensity purposes for the abusive sexual contact specifications involving PFC AG, but was not admissible for the forcible sodomy specification involving PFC AG.

Appellant was convicted of the specifications involving SFC PB and PFC AG and acquitted of the specification involving SGT DP.

## LAW AND DISCUSSION

After appellant's court-martial, our superior court held it is constitutional error for a military judge to give an instruction under Mil R. Evid. 413 to a panel that permits the use of one charged offense of sexual misconduct to be used as propensity evidence in assessing another charged offense of sexual misconduct. *Hills*, 75 M.J. at 352. Recently, in *Hukill*, the Court of Appeals for the Armed Forces explained the *Hills* reasoning also applies to trials by military judge alone. *Hukill*, 76 M.J. at 220. There, the military judge allowed the propensity evidence involving charged offenses to be used against each charged offense for which appellant was convicted and, therefore, created constitutional error. *Id.*

If instructional error is found when there are constitutional dimensions at play, this court tests for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence. *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005). An error is not harmless beyond a reasonable doubt when there is a reasonable possibility the error complained of might have contributed to the conviction. *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007); *United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015).

The issue is whether the findings of guilty involving SFC PB and PFC AG should be affirmed.

As to the finding of guilty as to SFC PB, we find no error because the military judge did not consider propensity evidence under Mil. R. Evid. 413 in reaching his decision.

We are not convinced, however, beyond a reasonable doubt that the use of propensity evidence as to each of the offenses against PFC AG in assessing the other offenses against PFC AG did not contribute to the findings of guilty.[*] Likewise, we are not convinced beyond a reasonable doubt that consideration of the propensity

---

[*] This is a different question, however, than whether we are convinced of appellant's guilt without resort to propensity evidence.

3

evidence as to the offense against SGT DP did not contribute to the finding of guilty as to the abusive sexual contact offenses against PFC AG.

The offenses involving PFC AG were supported only by her testimony. While witness testimony alone may convince a court beyond a reasonable doubt that a Mil. R. Evid. 413 propensity error is harmless, the witness testimony in *this* case does not. *See United States v. Thompson*, 2017 CCA LEXIS 7, *4 (Army Ct. Crim. App. 6 Jan. 2017) (affirming beyond a reasonable doubt that the Mil. R. Evid. 413 propensity instructional error was harmless because the testimony from the victims were "clear and compelling."). Thus, the findings of guilty of all offenses involving PFC AG and the sentence cannot stand. We grant relief in our decretal paragraph.

## CONCLUSION

The findings of guilty of Specification 2 of Charge I, Specification 1 of Charge II and Charge II, and the Specification of Additional Charge I and Additional Charge I are SET ASIDE. A rehearing on these set aside specifications is authorized. The remaining findings of guilty are AFFIRMED. The sentence is SET ASIDE. A sentence rehearing is authorized. This case will be returned to the same or a different convening authority.

Senior Judge CAMPANELLA and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court