# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**First Lieutenant DAVID BROWN**
**United States Army, Appellant**

ARMY 20160139

7th Army Training Command
Christopher D. Carrier, Military Judge
Lieutenant Colonel Sean T. McGarry, Staff Judge Advocate (pretrial)
Lieutenant Colonel Eugene Y. Kim, Staff Judge Advocate (post-trial)

For Appellant: Captain Scott A. Martin, JA; Zachary Spilman, Esquire (on brief); Captain Zach A. Szilagyi, JA; Zachary Spilman, Esquire (on reply brief).

For Appellee: Colonel Tania M. Martin, JA; Captain Austin L. Fenwick, JA; Captain Sandra L. Ahinga, JA (on brief).

23 February 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

SALUSSOLIA, Judge:

In this case, we set aside the findings of guilty as to five specifications, three of rape, one of aggravated sexual contact, and of one abusive sexual contact, in light of our superior court's decisions in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016); *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017); and *United States v. Guardado*, 77 M.J. 90 (C.A.A.F. 2017).

A military panel composed of officer members sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of rape in violation of Article 120 Uniform Code of Military Justice, 10 U.S.C. § 920 (2006) [hereinafter UCMJ], and violating a lawful general regulation, assault consummated by battery, rape, aggravated sexual contact, abusive sexual contact, and conduct unbecoming of an officer and gentleman, in violation of Articles 92, 120, 128, and 133 UCMJ, 10 U.S.C. §§ 892, 920, 928, 933 (2012). The convening authority approved the adjudged sentence of a dismissal and fifteen years of confinement.

**BACKGROUND**

In Charge I, the government charged appellant with five Article 120, UCMJ, specifications involving two different victims. Specifications 1 and 2 were offenses against appellant's wife and Specifications 3 through 5 were offenses against Private (PV2) BL. Prior to trial, the government requested the military judge consider Specifications 1 through 5 of Charge I for propensity purposes under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413. The defense objected to the government's request, thereby preserving the error. The military judge granted the government's request in a written ruling. (App. Ex. XIX).

**LAW AND DISCUSSION**

After appellant's court-martial, our superior court held it is constitutional error for a military judge to give an instruction to a panel that permits the use of one charged offense of sexual misconduct to be used as propensity evidence in assessing another charged offense of sexual misconduct under Mil R. Evid. 413. *Hills*, 75 M.J. at 352.

If instructional error is found when there are constitutional dimensions at play, this court tests for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence. *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005). An error is not harmless beyond a reasonable doubt when there is a reasonable possibility the error complained of might have contributed to the conviction. *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007); *United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015). "There are circumstances where the evidence is overwhelming, so we can rest assured that an erroneous propensity instruction did not contribute to the verdict by 'tipp[ing] the balance of the members' ultimate determination.'" *Guardado*, 77 M.J. 90, __, 2017 CAAF LEXIS 1142, at *11 (C.A.A.F. 2017) (quoting *Hills*, 75 M.J. at 358).

Having reviewed the evidence, we are not convinced beyond a reasonable doubt that the Mil. R. Evid. 413 error did not contribute to the findings of guilty of Specifications 1 through 5 of Charge I. Although we find the testimony of the two victims credible, the deficiency of corroborating evidence makes it difficult to be certain that appellant was convicted on the strength of the evidence alone. This case does not involve conclusive DNA evidence, corroborating injuries, videos or photographs that otherwise evidence appellant's misconduct. Moreover, appellant's defense counsel raised several issues regarding the complaining witnesses' motives to fabricate. While it is possible the members did not use evidence of one offense to convict appellant of another offense, we are not convinced beyond a reasonable

BROWN—ARMY 20160139

doubt the erroneous propensity instruction played no role in appellant's conviction. Thus, the findings for Specifications 1 through 5 of Charge I and Charge I and the sentence cannot stand. We grant relief in our decretal paragraph.

## CONCLUSION

The findings of guilty as to Specifications 1 through 5 of Charge I and Charge I are SET ASIDE. The remaining findings of guilty are AFFIRMED. The sentence is SET ASIDE. A rehearing is authorized on Specifications 1 through 5 of Charge I and Charge I and the sentence. The case is returned to the same or a different convening authority.

Senior Judge CAMPANELLA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court