# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Major MICHAEL D. THOMPSON**
**United States Army, Appellant**

ARMY 20140974

Headquarters, Fort Bliss
Timothy P. Hayes, Jr., Military Judge (arraignment)
Michael J. Hargis, Military Judge (trial)
Colonel Karen H. Carlisle, Staff Judge Advocate (pretrial & recommendation)
Lieutenant Colonel Runo C. Richardson, Acting Staff Judge Advocate (addendum)

For Appellant:  William E. Cassara, Esquire.

For Appellee:  Pursuant to A.C.C.A Rule 15.4, no response filed.

26 February 2018

-----------------------------------------------------------------
SUMMARY DISPOSITION ON REMAND
-----------------------------------------------------------------

Per Curiam:

The findings of guilty of Charge I and its specifications are reversed in light of *United States v. Guardado*, 77 M.J. 90 (C.A.A.F. 2017).  The sentence is set aside, and a rehearing is authorized.

A panel of officers sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of willfully disobeying a superior commissioned officer, seven specifications of rape, one specification of assault consummated by battery, and six specifications of conduct unbecoming an officer in violation of Articles 90, 120, 128 and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 920, 928, 933 (2006 & 2012).  The panel sentenced appellant to confinement for sixteen years.  The convening authority approved the sentence as adjudged.

On 6 January 2017, this court affirmed the findings and sentence in this case. *United States v. Thompson*, ARMY 20140974, 2017 CCA LEXIS 7 (Army Ct. Crim. App. 6 Jan. 2017) (summ. disp.). On 10 January 2018, the Court of Appeals for the Armed Forces (CAAF) set aside this court's decision and remanded the case for a new review under Article 66, UCMJ, in light of *Guardado*. *United States v. Thompson*, 77 M.J. ___, 2018 CAAF LEXIS 61 (C.A.A.F. Jan. 10, 2018) (summ. disp.). No further pleadings were filed by the parties.

## BACKGROUND

Appellant stands convicted of sexually assaulting his wives, Major (MAJ) YL and Ms. UT. At the close of evidence on findings, the military judge provided an instruction concerning the use of both charged and uncharged sexual misconduct involving MAJ YL and Ms. UT pursuant to Military Rules of Evidence [hereinafter Mil. R. Evid.] 413 and 414. The instruction permitted evidence of one charged offense to show appellant's propensity to commit the other charged offenses in Charge I. *See* Dep't of Army, Pam. 27-9, Legal Services, Military Judges' Benchbook [hereinafter Benchbook], para. 7-13-1, note 4 (1 Jan. 2010).

## LAW AND DISCUSSION

After appellant's court-martial, the CAAF held it is constitutional error for a military judge to give an instruction to a panel under Mil. R. Evid. 413 that permits evidence of charged sexual misconduct to be considered as propensity evidence when considering other charged sexual misconduct. *United States v. Hills,* 75 M.J. 350, 352 (C.A.A.F. 2016). In *Guardado*, the CAAF stated, "we cannot escape the conclusion that Appellant suffered prejudice from the confusing nature of the military judge's instructions." 77 M.J. at 94.

If instructional error is found when there are constitutional dimensions at play, this court tests for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). "The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is 'whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence.'" *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005) (quoting *United States v. Davis*, 26 M.J. 445, 449 n.4 (C.M.A. 1988)). An error is not harmless beyond a reasonable doubt when there is a reasonable possibility the error complained of might have contributed to the conviction. *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007); *United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015).

Having reviewed the evidence, even if we believe the evidence factually sufficient to support the findings of guilty of sexual assault of MAJ YL and Ms. UT, we are not convinced beyond a reasonable doubt that the Mil. R. Evid. 413 error did

not contribute to those findings of guilty. Therefore, Charge I and its specifications cannot stand. We grant relief in our decretal paragraph.

**CONCLUSION**

The findings of guilty of Charge I and its specifications are SET ASIDE, and Specifications 1 through 5 of Charge I are DISMISSED in light of *United States v. Mangahas*, __ M.J. ___, 2018 CAAF LEXIS 68 (C.A.A.F. Feb. 6, 2018). The remaining findings of guilty are AFFIRMED. The sentence is SET ASIDE. The same or a different convening authority may order a rehearing on Specifications 6 and 7 of Charge I, and the sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court