# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 FRANCISCO A. TORREALBA**
**United States Army, Appellant**

ARMY 20160156

Headquarters, 7th Infantry Division
Sean F. Mangan, Military Judge
Lieutenant Colonel James W. Nelson, Staff Judge Advocate

For Appellant:  Captain Ryan T. Yoder, JA; Peter Kageleiry, Jr., Esquire (on brief);
Peter Kageleiry, Jr., Esquire (on reply brief).

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA; Captain Austin L. Fenwick,
JA; Captain Joshua B. Banister, JA (on brief).

20 March 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

SALUSSOLIA, Judge:

In this case, we set aside the findings of guilty as to four specifications, three of sexual assault and one of forcible sodomy, in light of our superior court's decisions in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016); *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017); and *United States v. Guardado*, 77 M.J. 90 (C.A.A.F. 2017).

A military panel composed of enlisted and officer members sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of violating a lawful general regulation, three specifications of sexual assault, and one specification of forcible sodomy in violation of Articles 92, 120, and 125 Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920, 925 (2012).  The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for sixteen years, total forfeitures, and reduction to the grade of E-1.  Appellant was credited with one hundred and five days of confinement against the sentence to confinement.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant asserts one assigned error, which merits discussion and relief.

## BACKGROUND

Appellant was convicted of three specifications of violating Article 120, UCMJ in Charge I against one victim, and one specification of violating Article 125, UCMJ in Charge II against another victim. At trial, the military judge granted the government's request for an instruction that the panel may consider Charge I and II for propensity purposes under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413.

## LAW AND DISCUSSION

After appellant's court-martial, our superior court held it is constitutional error for a military judge to give an instruction to a panel that permits one charged offense of sexual misconduct to be used as propensity evidence in assessing another charged offense of sexual misconduct under Mil. R. Evid. 413. *Hills*, 75 M.J. at 352.

If instructional error is found when there are constitutional dimensions at play, this court tests for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence. *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005). An error is not harmless beyond a reasonable doubt when there is a reasonable possibility the error complained of might have contributed to the conviction. *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007); *United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015).

Having reviewed the evidence, we are not convinced beyond a reasonable doubt that the Mil. R. Evid. 413 error did not contribute to the findings of guilty of the specifications of Charges I and II. The deficiency of evidence corroborating both victims' testimony makes it difficult to be certain appellant was convicted on the strength of the evidence alone. Moreover, appellant's defense counsel raised several issues regarding the complaining witnesses' motives to fabricate and their respective credibility. We are not convinced beyond a reasonable doubt that the members did not use evidence of one offense to convict appellant of another offense. In other words, we are not convinced beyond a reasonable doubt the erroneous propensity instruction played no role in appellant's convictions. Thus, the findings for the specifications of Charges I and II and Charges I and II and the sentence cannot stand.

**CONCLUSION**

The findings of guilty as to Charge I and its specifications and Charge II and its specifications are SET ASIDE. The remaining findings of guilty are AFFIRMED. The sentence is SET ASIDE. A rehearing is authorized on Specifications 2 through 4 of Charge I, Specification 2 of Charge II, and the sentence. The case may be returned to the same or a different convening authority.

Senior Judge CAMPANELLA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court