# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and COOPER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Lieutenant Colonel ASHLEY R. ELLIS**
**United States Army, Appellant**

ARMY 20240254

Headquarters, U.S. Army Garrison, Fort Belvoir
Adam S. Kazin, Military Judge
Lieutenant Colonel Andres Vazquez, Staff Judge Advocate

For Appellant: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA (on brief and reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Marc B. Sawyer, JA; Major Justin L. Talley, JA; (on brief).

13 May 2025

--------------------------------
SUMMARY DISPOSITION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

Per Curiam:

An officer panel sitting as a general court-martial convicted appellant of one specification of conduct unbecoming an officer in violation of Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933 [UCMJ], and the military judge sentenced him to a reprimand. Reviewing the case under Article 66, we have carefully considered appellant's assigned errors and personal submissions under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find instructional error and grant relief.

## BACKGROUND

The specification alleged:

> In that [appellant did...] with intent to humiliate, harass, or degrade ███████, the spouse of the accused, send said ███████ a video in which he describes said ███████'s clothing as "[prostitute] dresses" and stating "I guess my cousin taught you real good how to dress like a [prostitute], right?," or words to that effect, and that, under the circumstances, the conduct was unbecoming an officer and a gentleman.

Appellant moved to dismiss the specification before trial, essentially arguing the First Amendment protected his private speech to his spouse. The military judge denied the motion. Appellant renewed this argument at the close of evidence, moving for a finding of not guilty. The military judge ultimately denied this motion, too. These denials were well within the range of reasonable judicial discretion, following the parties' sound advocacy and keen judicial observations – including the need for adequate panel instructions.

The military judge gave these specific instructions on the Article 133 specification:

> In Specification 2 of Charge III, the accused is charged with the offense of conduct unbecoming an officer and gentleman, in violation of Article 133, UCMJ. In order to find the accused guilty of this offense, you must be convinced by legal and competent evidence beyond a reasonable doubt:
>
> One, . . . that on or about 17 April 2023, the accused was a commissioned officer;
>
> Two, that the accused did certain acts, to wit: with the intent to humiliate, harass, or degrade ███████, the spouse of the accused, sent said ███████ a video in which he describes said ███████ clothing as, "[Prostitute] dresses," and stating, "I guess my cousin taught you real good how to dress like a [prostitute], right," or words to that effect; and
>
> Three, that under the circumstances the accused's acts constituted conduct unbecoming an officer. For this

offense, "officer" includes commissioned officers, cadets, and midshipmen.

"Conduct unbecoming an officer" means conduct that is likely to seriously compromise the accused's standing as an officer. A military officer holds a particular position of responsibility in the armed forces and one critically important responsibility of a military officer is to inspire the trust and respect of the personnel who must obey the officer's orders. Conduct unbecoming an officer is action or behavior in an official capacity, that in dishonoring or disgracing the person as an officer, seriously compromises the officer's character. It also includes actions or behavior in an unofficial or private capacity that in dishonoring or disgracing the officer personally seriously compromises the person's standing as an officer. An officer's conduct may not violate other provisions of the UCMJ, or be otherwise criminal, to be unbecoming. The gravamen of this offense is that the officer's conduct disgraces the officer personally, or brings dishonor to the military profession in a matter that affects the officer's fitness to command, the obedience of the officer's subordinates so as to effectively complete the military mission. The absence of a custom of the service, a statute, a regulation, or order expressly prohibiting certain conduct is not dispositive of whether the officer was on sufficient notice that such conduct was unbecoming.

The military judge asked, "[A]re the parties satisfied that I did correctly, subject to all the objections and such, correctly advise the members as to all of the substantive law in this case?" The defense responded, "As best we could tell, yes, sir[,]" And the case proceeded accordingly.

## LAW AND DISCUSSION

"Congress shall make no law. . . abridging the freedom of speech. . ." U.S. Const. amend. I.

We review allegations that a military judge failed to provide a mandatory instruction de novo. *United States v. Dearing*, 63 M.J. 478, 482 (C.A.A.F. 2006). When a properly preserved instructional error raises constitutional concerns, we test for prejudice using the "harmless beyond a reasonable doubt standard." *United States v. Lewis*, 65 M.J. 85, 87 (C.A.A.F. 2007); *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006).

"Whether an appellant has waived an issue is a legal question that this Court reviews de novo." *United States v. Davis*, 79 M.J. 329, 332 (C.A.A.F. 2020); *United States v. Haynes*, 79 M.J. 17, 19 (C.A.A.F. 2019)). "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (citations omitted).

Here, we decline to find waiver, given the military judge's broad "subject to all the objections and such" caveat. The military judge's caveat transmogrified the defense's previous motions into objections to the instructions, too.

The parties continue to disagree whether appellant's private speech to his wife was lawful, but one point is virtually undeniable – the case presents fundamental considerations of the First Amendment's reach and limits. *See United States v. Hartwig*, 39 M.J. 125, (C.M.A. 1994). Here, the military judge did not explain why he omitted any instructions regarding the First Amendment interests plainly presented in the case. As best we can tell, he apparently assessed appellant's speech was unprotected and therefore, no specific instructions regarding constitutional implications were required.

"When an alleged violation of art. 133 is based on an officer's private speech, the test is whether the officer's speech poses a 'clear and present danger' that the speech will, 'in dishonoring or disgracing the officer personally, seriously compromises the person's standing as an officer." *Hartwig*, 39 M.J. at 128 (citing Part IV, Para. 59c(2), Manual for Courts-Martial (1984)). The military judge incorrectly withheld the military-specific "clear and present danger" standard from the factfinder. Along with evaluating the unique facts of a case, the factfinder must be aware of the relevant law. While the law requires us to presume a military judge understands it – it is equally clear a panel does not enjoy the same presumption. Instead, panel members must obtain all operative legal guidance from the judge. Without proper explanation as to the "clear and present danger" legal standard applicable to a case involving an officer's private speech, appellant's panel was unable to consider this critical factor in reaching its guilty finding.

Having determined instructional error occurred, which was not harmless beyond a reasonable doubt, and therefore the specification must be set aside, we now address the appropriate way forward. Article 66(f)(1)(A)(ii)'s text and plain meaning guide our decision: "If the Court of Criminal Appeals sets aside the findings, the Court...may, except when prohibited by section 844 of this title...order a rehearing." Article 66, UCMJ. Additionally, Article 66(f)(1)(B) reads: "If the Court of Criminal Appeals sets aside the findings and does not order a rehearing, the Court shall order that the charges be dismissed." Article 66, UCMJ. This language clarifies that this court has two options when setting aside findings: order a

4

rehearing or dismiss. There is no authority to set aside without taking one of those two options.

We recognize Rule for Court-Martial 1203 is written in terms of the Court "authoriz[ing]," not "order[ing]," a rehearing. The two words are not synonymous. We perceive no choice but to follow the plain language of the UCMJ's congressional mandate rather than a conflicting procedural rule promulgated by the president.

The finding of guilty of Specification 2 of Charge III, Charge III, and the sentence are SET ASIDE. A rehearing is ordered.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court