UNITED STATES, Appellee

v.

Daniel M. PACK Jr., Gunnery Sergeant
U.S. Marine Corps, Appellant

No. 07-0085

Crim. App. No. 200400772

United States Court of Appeals for the Armed Forces

Argued October 25, 2007

Decided December 12, 2007

RYAN, J., delivered the opinion of the Court, in which EFFRON, C.J., and BAKER, ERDMANN, and STUCKY, JJ., joined.

<u>Counsel</u>

For Appellant:  Lieutenant Kathleen L. Kadlec, JAGC, USN (argued); Lieutenant Brian L. Mizer, JAGC, USN.

For Appellee:  Captain Roger E. Mattioli, USMC (argued); Major Brian K. Keller, USMC (on brief); Commander Paul C. LeBlanc, JAGC, USN.

Amicus Curiae for Appellant: Susan A. Castorina (law student) (argued); Seth M. Lahn, Esq. (supervising attorney); Emmanuel V. R. Boulukos, (law student) (on brief) -- for the Indiana Law School, Bloomington.

Amicus Curiae for Appellee: Paul H. Threatt (law student) (argued); Aviva A. Orenstein, Esq. (supervising attorney); Aravon B. McCalla (law student) (on brief) -- for the Indiana Law School, Bloomington.

Military Judges: S. M. Immel (arraignment) and P. J. Betz Jr. (trial)

**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

United States v. Pack Jr., No. 07-0085/MC

Judge RYAN delivered the opinion of the Court.

The decisional issue in this case is whether Crawford v. Washington, 541 U.S. 36 (2004) so undermined the reasoning in Maryland v. Craig, 497 U.S. 836 (1990) that this Court is free to disregard Craig and hold that anything short of face-to-face confrontation at trial violates the Sixth Amendment. If so, it would inexorably follow that Rule for Courts Martial (R.C.M.) 914A and Military Rule of Evidence (M.R.E.) 611(d), which are based on the holding in Craig and permit a child witness to testify via closed-circuit television, are unconstitutional.

There is support for Appellant's argument that aspects of Crawford are difficult to reconcile with aspects of Craig. See infra, at pp. 8-11. But the Supreme Court did not overrule Craig or even mention it in Crawford. And the holding in Crawford turned on whether, and under what circumstances, testimonial hearsay, which by definition does not involve face-to-face confrontation at trial, may be admitted, consonant with the Confrontation Clause of the Sixth Amendment. Consequently, Craig continues to control the questions whether and how child witness testimony via closed-circuit television is constitutional.

## I.    Procedural Background

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of six

2

specifications of indecent acts with a child in violation of

Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §

934 (2000).  The sentence adjudged by the court-martial and

approved by the convening authority included a dishonorable

discharge, confinement for twenty-three years, and reduction to

the lowest enlisted grade.  The Navy-Marine Corps Court of

Criminal Appeals dismissed one specification, reassessed the

sentence, and approved the adjudged sentence, but reduced

confinement to twenty-two years.  United States v. Pack, No.

NMCCA 200400772, 2006 CCA LEXIS 286, at *27, 2006 WL 4579021, at

*10 (N-M. Ct. Crim. App. Oct. 26, 2006) (unpublished).

On Appellant's petition, we granted review of the question:

> [WHETHER] IN LIGHT OF CRAWFORD V. WASHINGTON, 541 U.S. 36
> (2004), WAS APPELLANT DENIED HIS SIXTH AMENDMENT RIGHT TO
> CONFRONT HIS ACCUSER WHEN THE MILITARY JUDGE ALLOWED MP TO
> TESTIFY FROM A REMOTE LOCATION VIA ONE-WAY CLOSED-CIRCUIT
> TELEVISION.[1]

## II.  Factual Background

The charges referred against Appellant arise from his

sexual abuse of his eight-year-old stepdaughter MP over a period

---

[1] 65 M.J. 276 (C.A.A.F. 2007).  We heard oral argument in this case at the Indiana University School of Law, Bloomington, Indiana, as part of the Court's Project Outreach. See United States v. Mahoney, 58 M.J. 346, 347 n.1 (C.A.A.F. 2003).  This practice was developed as part of a public awareness program to demonstrate the operation of a federal court of appeals and the military justice system.

in excess of a year. At the time of trial, MP was ten years old. Appellant's actions resulted in MP suffering psychological problems, for which she required extensive counseling. The Government petitioned the military judge to allow MP to testify from a remote location via one-way closed-circuit television pursuant to M.R.E. 611(d) and R.C.M. 914A. The defense objected to the request, arguing that it denied Appellant his right to confront his accuser.

The military judge conducted an evidentiary hearing on the Government's motion. At the hearing, the military judge heard expert testimony from MP's treating psychologist. Based on this testimony, the military judge made findings of fact and conclusions of law. The military judge recognized that the requirements of M.R.E. 611 must be read in conjunction with Craig, 497 U.S. at 836, in which the Supreme Court held the use of remote live testimony via one-way closed-circuit television permissible only where particular circumstances were found.[2] Based on the evidence presented, the military judge found those circumstances in this case: the need to protect the welfare of the child witness seeking to testify; traumatization of the child by the presence of the defendant, not the courtroom

---

[2] Accord United States v. McCollum, 58 M.J. 323, 330 (C.A.A.F. 2003).

4

generally; and a more than de minimis emotional distress suffered by the child.

MP's testimony was under oath and in the presence of trial counsel and defense counsel. A television monitor was positioned in the courtroom so that Appellant, the members, the military judge, and the court reporter could hear MP and observe her demeanor. MP testified on both direct and cross-examination from the remote location without ever seeing Appellant.

### III.  Analysis

The Confrontation Clause of the Sixth Amendment provides, inter alia, that:  "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  The question of what law controls resolution of a claimed constitutional violation is one of law, which we review de novo.  See United States v. Cabrera-Frattini, 65 M.J. 241, 245 (C.A.A.F. 2007).

### A.  Maryland v. Craig

In Craig, the Supreme Court upheld a Maryland statute that required:  the "child witness . . . be competent to testify and . . . testify under oath; the defendant retain[] full opportunity for contemporaneous cross-examination; and the judge, jury, and defendant . . . [be] able to view (albeit by video monitor) the demeanor (and body) of the witness as he or she testifies."  497 U.S. at 851.

In the process, the Supreme Court reasoned that "[a]lthough face-to-face confrontation forms 'the core of the values furthered by the Confrontation Clause,' we have nevertheless recognized that it is not the sine qua non of the confrontation right." Id. at 847 (citations omitted). Craig went on to reject a literal reading of the Confrontation Clause in favor of a "'preference for face-to-face confrontation at trial,' a preference that 'must occasionally give way to considerations of public policy and the necessities of the case.'" Id. at 849 (citations omitted).

Craig then considered those principles in the context of a child witness testifying remotely against a defendant in a criminal trial. Ultimately, the Supreme Court held that one-way closed-circuit testimony was admissible and consonant with the requirements of the Confrontation Clause when: (1) the court determines that it is necessary "to protect the welfare of the particular child witness"; (2) the court finds "that the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant"; and (3) "the trial court [finds] that the emotional distress suffered by the child witness in the presence of the defendant is more than de minimis." Id. at 855-56 (citations omitted).

Appellant does not argue that the requirements under R.C.M. 914A or M.R.E. 611(d) were not met. Nor does he argue that the

6

three requirements outlined in Craig went unsatisfied.  The narrow question in this case is whether the holding in Craig allowing this type of testimony may be disregarded by this Court in light of Crawford.

### B.  Crawford v. Washington

Crawford considered whether and how testimonial hearsay statements made by witnesses who did not testify at trial were admissible in light of the Confrontation Clause.  541 U.S. at 68-69.  The issue of face-to-face confrontation at trial was not directly implicated by Crawford, although Crawford did consider fully the historical context within which the Confrontation Clause was drafted and the evils at which it was aimed.  Id. at 43-50.

Crawford did hold that testimonial hearsay statements were inadmissible absent the right to confrontation.  Id. at 68-69. But it concluded that the Sixth Amendment as informed by the common law required, at least in the context of testimonial hearsay, "unavailability and a prior opportunity for cross-examination," not face-to-face confrontation at trial.  Id. at 68.

### C.  Craig Was Not Overruled by Implication

Crawford did not purport to overrule Craig explicitly; Craig is not even cited in the opinion.  In light of the dissent in Craig and the plethora of state and federal laws permitting

remote testimony, including M.R.E. 611 and R.C.M. 914A, we expect that if the Supreme Court were overruling or undermining Craig, it would have said so explicitly.  See, e.g., Carmell v. Texas, 529 U.S. 513, 538 (2000) (stating that where the Supreme Court expressly overruled two cases in a decision, it should not be assumed that it impliedly overruled a third in the same decision).

Appellant, nonetheless, argues that Crawford overruled Craig by implication because it undermined the foundations upon which it rested.  Of course, overruling by implication is disfavored.  See Eberhart v. United States, 546 U.S. 12, 19-20 (2005) (stating that circuit courts should adhere to precedent even when subsequent decisions call earlier Supreme Court decisions into question); State Oil Co. v. Khan, 522 U.S. 3, 19 (1997) (stating the same); Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 484 (1989) (stating "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions").  But even if overruling by implication were acceptable, we disagree that Crawford had the impact on Craig that Appellant suggests.

Crawford explicitly rejected the rationale of Ohio v. Roberts, 448 U.S. 56 (1980). 541 U.S. at 63-65. Roberts held that admitting the preliminary hearing testimony of an unavailable witness did not violate the Confrontation Clause of the Sixth Amendment, reasoning that reliability could be "inferred without more in a case where the evidence falls within a firmly rooted hearsay exception" because "hearsay rules and the Confrontation Clause are generally designed to protect similar values," and "stem from the same roots." 448 U.S. at 66 (citations and quotation marks omitted). Roberts, like Craig, turned in part on reliability. But the focus in Craig was not simply on reliability, but on the adversarial process. 497 U.S. at 846 ("The combined effect of these elements of confrontation . . . serves the purpose of the Confrontation Clause by ensuring that evidence admitted against the accused is reliable and subject to the rigorous adversarial testing that is the norm of Anglo-American criminal proceedings."). That focus was retained in Crawford, 541 U.S. at 61 ("[T]he Clause's ultimate goal is to ensure reliability of evidence" and that "reliability be assessed . . . by testing in the crucible of cross-examination."). It is important to recognize that Crawford did not hold that face-to-face confrontation is required in every case. Rather, it held that the Confrontation Clause required

9

cross-examination and unavailability before testimonial hearsay could be admitted into evidence.  Id. at 69.

In fairness to Appellant, there are glimmers of an interpretation of the Confrontation Clause tied more closely to its text and historical context in the Supreme Court's recent opinions.  See Davis v. Washington, 126 S. Ct. 2266, 2274-77 (2006) (discussing text of the Confrontation Clause, citing to the dictionary definition of "testimony," reviewing early American cases involving the right to confrontation, and comparing the evidence adduced in Davis to that in Raleigh's Case, 2 How. St. Tr. 1 (1603)); Crawford, 541 U.S. at 43-47 (discussing historical framework of the right to confrontation within the context of English and American common law dating to 1554).  And no one, having read the dissent in Craig, doubts that it argues for an undilutable requirement for face-to-face confrontation at trial.

Moreover, the Crawford opinion itself contains statements that are difficult to reconcile with certain other statements in the Craig opinion.  Compare, e.g., Craig, 497 U.S. at 848 ("a literal reading of the Confrontation Clause would 'abrogate virtually every hearsay exception, a result long rejected as unintended and too extreme'") (citation omitted), and id. at 845 ("any exception to the right 'would surely be allowed only when necessary to further an important public policy'") (citation

10

omitted), with Crawford, 541 U.S. at 51 ("[l]eaving the regulation of out-of-court statements to the law of evidence would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices"), id. at 54 ("[t]he text of the Sixth Amendment does not suggest any open-ended exceptions from the confrontation requirement to be developed by the courts"), and id. at 61 ("[a]dmitting statements deemed reliable by a judge is fundamentally at odds with the right to confrontation").

But the question is neither whether tension exists between aspects of particular cases nor whether this Court, as a matter of first impression, might hold that the Confrontation Clause of the Sixth Amendment gives a criminal defendant the "'right to meet face-to-face all those who appear and give evidence at trial'" in every case, without exception. Craig, 497 U.S. at 862 (Scalia, J., dissenting) (quoting Coy v. Iowa, 487 U.S. 1012, 1016 (1988)). "Rather, lower courts should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." Agostini v. Felton, 521 U.S. 203, 237 (1997) (citation omitted); see U.S. Const. art. III, § 1; Eberhart, 546 U.S. at 19-20. The Supreme Court has not overruled Craig nor distinguished its holding in a manner that alters its application to military practice. Nor have the parties proffered any reason why Craig should apply

11

differently in the military context.  Under these circumstances, this Court is not free to disregard Craig.

We join the weight of authority in holding that Craig continues to control the questions whether, when, and how, remote testimony by a child witness in a criminal trial is constitutional.  United States v. Yates, 438 F.3d 1307, 1313-18 (11th Cir. 2006); United States v. Bordeaux, 400 F.3d 548, 553-54 (8th Cir. 2005); State v. Henriod, 2006 UT 11, ¶ 13-17, 131 P.3d 232, 237; State v. Blanchette, 134 P.3d 19, 29 (Kan. Ct. App. 2006); State v. Griffin, 202 S.W.3d 670, 680-81 (Mo. Ct. App. 2006); State v. Vogelsberg, 2006 WI App 228, ¶ 13-17, 297 Wis. 2d 519, 527-29, 724 N.W.2d 649, 654.

## IV.  Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.